IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHALL PETTY, #B-13277, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00852-JPG |
| ) | |
| S. DUNCAN, ) | |
| WARDEN TREDWAY, ) | |
| C/O LEWIS, LT. BAILOR, ) | |
| and ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Marshall Petty, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed a complaint (Doc. 1) that is now before the Court for preliminary review. Included within the complaint is a request for a temporary restraining order (Doc. 1, p. 6). As explained in greater detail below, Plaintiff's complaint violates the pleading requirements of the Federal Rules of Civil Procedure. Under the circumstances, the complaint shall be dismissed without prejudice and with leave to amend, and Plaintiff's request for a temporary restraining order shall be denied.

**The Complaint**

The complaint includes the following statement of claim, which is quoted in its entirety herein:

> I wrote to the wardens about c/o Lewis Lt Bailor I Declared him as a enemy he kick me in Front of nurse rue They laugh I walk myself to seg because of Lt Dallas he put me on the other side to be away from him. He Dragged me I had a mild seizures Im afraid. c/o Lewis Do what she wants.

(Doc. 1, p. 5). Plaintiff names the Illinois Department of Corrections ("IDOC") and four Lawrence officials[1] as Defendants (Doc. 1, pp. 1-2). Although he mentions no constitutional or statutory basis for relief in the complaint, Plaintiff seeks a "restraining order temporary" and compensatory damages (Doc. 1, p. 6). Along with the complaint, Plaintiff filed thirty pages of medical records and a grievance (Doc. 1-1, pp. 1-33).

Plaintiff also filed a "Motion for Violating my 8th Amendment 14th Amendment" (Doc. 4). In the motion, Plaintiff claims that Defendant Lewis refused to give him a non-dairy snack bag and failed to respond when Plaintiff pushed the panic button to address issues related to his diabetes and seizures (Doc. 4, p. 1). Plaintiff also claims that Defendant Lewis denied him access to ADA-compliant showers. Defendants Duncan, Tredway, and IDOC allegedly ignored Plaintiff's grievances addressing these issues (Doc. 4, pp. 1-3).

In addition, Plaintiff filed a "Motion for Retaliation" (Doc. 5). This motion is virtually incomprehensible. In it, Plaintiff seems to take issue with Defendant Lewis' failure to respond to his request for a crisis team and a clean cell (Doc. 5, pp. 1-2). He also mentions "eat[ing] half because her" (Doc. 5, p. 1).

**Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure dictates that a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. CIV. P. 8(a). Additionally, Rule 8(d) requires that each allegation within the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level."

---

[1] The four Lawrence officials include Defendants Duncan (warden), Tredway (warden), Lewis (correctional officer), and Bailor (lieutenant).

*Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

The complaint clearly violates Rule 8 of the Federal Rules of Civil Procedure. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Plaintiff's pleading is too short and unclear to satisfy this standard.  FED. R. CIV. P. 8(a).  The statement of claim does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).

A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  The allegations in the complaint are far too sketchy.  Although Defendants are generally identified in the case caption, the two-sentence statement of claim fails to link particular Defendants to specific acts or omissions.  The complaint instead strings together names of Defendants without stating what each Defendant did to violate Plaintiff's rights, without identifying the rights that were violated, and without offering a timeframe for the alleged violations.  The Court and Defendants are left to guess who did what—and when.

Further, the Court and Defendants must guess what constitutional or statutory basis for relief exists. The complaint mentions none. Even so, Plaintiff seeks a temporary restraining order and monetary damages.

Plaintiff instead appears to rely on two motions he filed at the same time as the complaint to state claims against Defendants, including a "Motion for Violating my 8th Amendment 14th Amendment" (Doc. 4) and a "Motion for Retaliation" (Doc. 5). The allegations set forth therein are not considered part of the complaint. Even if they were, Plaintiff would fare no better. The allegations are largely unintelligible. Like the complaint, the allegations in both motions fail to connect particular Defendants with specific constitutional or statutory violations.

Finally, the exhibits to the complaint appear to be entirely unrelated to Plaintiff's claims. The complaint alludes to a Defendant kicking and dragging Plaintiff and prompting him to seek protective custody. The exhibits consist of 30 pages of medical records and a 3-page grievance. Neither the medical records nor the grievance mentions the kicking or dragging incident. By all indications, the exhibit is superfluous.

Plaintiff's style of pleading prevents the Court from conducting orderly litigation, as it is required to do. *See Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). It also robs Defendants of any fair notice of the actions that are alleged to be illegal or who was personally involved in each wrongdoing. *Jenning v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990). Defendants cannot respond to this type of pleading.

Further, it appears that Plaintiff may have attempted to bring unrelated claims in a single case. On the one hand, Plaintiff seems to challenge the actions of Defendant Lewis in denying Plaintiff a non-dairy snack bag and failing to respond to his calls for help. On the other hand, Plaintiff appears to bring an unrelated excessive force claim against Defendant Bailor.

The Seventh Circuit has made it clear that "[u]nrelated claims against different defendants belong in different suits." *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); FED. R. CIV. P. 20(a)(2). This is, in part, to prevent prisoners from dodging filing fees or the three strikes provision in the Prison Litigation Reform Act. *George*, 507 F.3d at 607. Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). Under Rule 20(a)(2), defendants may be joined in one action only if the Plaintiff asserts a "right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Thus, under these rules, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Because Plaintiff's complaint is too vague and poorly drafted for either the Court or Defendants to decipher, it shall be dismissed without prejudice. *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under Fed. R. Civ. P. 8(a) is permitted. . . ."); *Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) ("A prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation."), *citing Vicom, Inc.*, 20 F.3d at 775-76.

However, Plaintiff shall be granted leave to file an amended complaint. When doing so, Plaintiff should identify the pleading as the "First Amended Complaint" and use this case number to identify the pleading at the time of filing. Plaintiff should present each claim in a

separate count.  He should specify by name each Defendant alleged to be liable under the count.  Plaintiff should be careful to include sufficient facts to demonstrate that each Defendant violated his rights—constitutional or otherwise.  Whenever possible, he should also include the date of the alleged act or omission.  Plaintiff should indicate whether he is bringing this action pursuant to § 1983 or some other law.  Plaintiff *must* refrain from filing unnecessary exhibits and refer to any exhibits in the body of the complaint, where it is possible to do so.  He must also bring separate, unrelated claims in separate actions and be aware of the fact that the Court will sever such claims into separate actions.  Plaintiff shall be responsible for payment of another filing fee for any severed case.

It is important to note that the events giving rise to Plaintiff's claims appear to have occurred in 2013 and 2014.  With this in mind, the Court finds that dismissal of this lawsuit without prejudice and with leave to amend does not prejudice Plaintiff by placing him in a materially different position with regard to an impending statute of limitations deadline.  However, Plaintiff should be mindful of the applicable two-year statute of limitations for claims brought pursuant to § 1983 when deciding whether to file a new lawsuit.

**Request for Temporary Restraining Order**

In the complaint, Plaintiff seeks a "restraining order temporary," which the Court construes as a request for a temporary restraining order ("TRO") (Doc. 1, p. 6).  In order to obtain preliminary injunctive relief, whether through a temporary restraining order or a preliminary injunction, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiff will suffer irreparable harm without the injunction.  *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007).  If those three factors are shown, the district court must then balance the harm to

each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). Because the pleadings are, in their current form, unintelligible, the Court simply cannot assess these factors. Accordingly, the request for a TRO shall be **DENIED** without prejudice to Plaintiff filing a separate motion for TRO at the same time he files the First Amended Complaint, or any time it becomes necessary to do so thereafter.

**Motion for Leave to Proceed In Form Pauperis**

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate Order of this Court.

**Motion for Recruitment of Counsel**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be held in **ABEYANCE** pending the receipt of Plaintiff's First Amended Complaint.

**Motion for Violating My 8th Amendment 14th Amendment**

Plaintiff has also filed a motion entitled "Motion for Violating My 8th Amendment 14th Amendment" (Doc. 4), which is **DENIED** for the reasons previously discussed. Any allegations set forth therein in support of Plaintiff's claims should be included in his First Amended Complaint.

**Motion for Retaliation**

Finally, Plaintiff has filed a "Motion for Retaliation" (Doc. 5), which is **DENIED** for the reasons discussed above. Any allegations set forth in this motion that support Plaintiff's claims should be included in his First Amended Complaint.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is **GRANTED** leave to file his amended complaint **on or before September 4, 2014.** Should Plaintiff fail to file an amended complaint within the allotted time, the entire action shall be dismissed, and Plaintiff may incur a "strike." *See* 28 U.S.C. § 1915(g); FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the pleading "First Amended Complaint" and use this case number. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[2] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 31, 2014**

> *s/ J. Phil Gilbert*
> **U.S. District Judge**

---

[2] If Plaintiff's pending motion for leave to proceed *in forma pauperis* (Doc. 2) is denied, an additional administrative fee of $50.00 will be assessed, and he will be obligated to pay a total fee of $400.00 for this action.